■ VILLAGE OF MUTTONTOWN, Respondent, v PORT WASHINGTON HOLDING CORP. et al., Appellants. [904 NYS2d 442]—In an action, inter alia, for a judgment declaring, among other things, that the defendants violated Code of Village of Muttontown §§ 62-2, 62-3, 150-2, 150-3 and 190-28 and for injunctive relief, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered March 12, 2009, as granted the plaintiff's motion for summary judgment declaring that they violated Code of Village of Muttontown §§ 62-2, 62-3, 150-2, 150-3 and 190-28, and (2) so much of a judgment of the same court entered May 20, 2009, as, upon the order, (a) declared that they "violated the Code of the Incorporated Village of Muttontown in that they caused a retaining wall to be erected along the northerly boundary of the Premises that is over the maximum permissible height of six and one half (6½) feet allowed under Village Code section 190-28, without a necessary variance having been issued by the Village Zoning Board of Appeals," (b) directed them "to remove the northerly retaining wall from the Premises," (c) declared that they "violated the Village Code of the Incorporated Village of Muttontown [by causing] 9,750 cubic yards of fill consisting

of 'rubbish' and 'trash' as those terms are defined in the Village Code, to be dumped on the Premises, without a permit, in violation of Village Code section 62-3, 150-2 and 150-3," and (d) directed them "to remove such fill from the Premises." The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 AD2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the defendants deposited approximately 9,750 cubic yards of fill on the subject premises without obtaining a permit, as required by the Code of the Village of Muttontown (hereinafter Village Code) §§ 62-2 and 62-3, and that such activity is prohibited by Village Code §§ 150-2 and 150-3. The plaintiff further established that the defendants erected a retaining wall on the subject premises that was greater than 6½ feet tall without obtaining a variance from the Village of Muttontown Zoning Board of Appeals, as required by Village Code § 190-28. In opposition, the defendants failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment declaring that the defendants violated Village Code §§ 62-2, 62-3, 150-2, 150-3 and 190-28.

Contrary to the defendants' contention, this is not a "criminal prosecution" within the purview of the Sixth Amendment to the United States Constitution. Although the penalties associated with violation of the Village Code include incarceration and fines (*see* Village Code § 190-42), the plaintiff did not seek to invoke such penalties here. Indeed, the plaintiff did not seek to impose sanctions or a penalty of any kind. Rather, it sought to enforce obedience to the Village Code by means of an injunction (*id.* at § 1-16; *see* Village Law § 20-2006). Thus, as the Supreme Court correctly concluded, this case is wholly civil in nature, and the Confrontation Clause does not apply.

The defendants further argue that they were deprived of their

rights under the Due Process Clause of the United States Constitution (*see* US Const, 14th Amend, § 1). The defendants did not raise their due process claims before the Supreme Court. Thus, those claims are not properly before this Court (*see Cibro Petroleum Prods. v Chu*, 67 NY2d 806, 809 [1986]; *Melahn v Hearn*, 60 NY2d 944 [1983]; *Matter of Coleman v Thomas*, 295 AD2d 508, 509 [2002]; *Matter of Burkins v Scully*, 108 AD2d 743 [1985]).

The defendants' remaining contentions are without merit. Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.