

[992 NYS2d 841]

Cᴏᴜɴᴛʏ ᴏꜰ Sᴜꜰꜰᴏʟᴋ, Respondent, v Mɪᴄʜᴇʟʟᴇ Cᴀʟᴅᴏɴᴇ, Appellant.

Supreme Court, Appellate Term, Second Department,
9th and 10th Judicial Districts, July 7, 2014

1

## APPEARANCES OF COUNSEL

*Scott Lockwood*, North Babylon, for appellant.

*Paul J. Margiotta, County Attorney*, Hauppauge (*Richard Weinschenk* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the order is affirmed, without costs.

This action was commenced by delivery of a notice of liability for a civil penalty to defendant, the owner of an automobile which allegedly failed to stop at a red light on September 23, 2011 (Vehicle and Traffic Law § 1111-b, as added by L 2009, ch 23). The incident was recorded by a "red light safety camera" located on Commack Road in Suffolk County. The County rejected defendant's demand for "a copy of the complaint" on the ground that the action had properly been commenced pursuant to Vehicle and Traffic Law § 1111-b (g), which does not require the use of a summons and complaint. Defendant, who

did not challenge the sufficiency of either the service of the notice of liability or its contents with respect to section 1111-b, then moved to dismiss the action pursuant to CPLR 3012 (b), arguing that the proceedings, being completely civil in nature, can be commenced only pursuant to the procedures provided by the CPLR and the Uniform District Court Act; that the County failed to satisfy her demand for a complaint; and, by implication, that the procedures adopted do not provide the level of due process to which civil litigants are entitled. The District Court denied the motion on the ground that the New York State Legislature "is empowered to implement procedures to commence and hear specified classes of civil cases." Defendant appeals, and we affirm.

As the District Court noted, with certain limitations, the legislature is empowered to create procedures particular to a given proceeding (*Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]). The procedure adopted for commencing an action based on a "red light camera" violation requires a first-class mailing of the notice of liability to the vehicle's owner, which notice must contain information as to the identity of the person alleged to be liable, the vehicle involved, the time and place of the infraction, the instrument that recorded the violation, the manner in which the owner may contest liability, and the consequences of failing to do so in the prescribed manner (Vehicle and Traffic Law § 1111-b [g] [1]-[4]). These requirements represent "new remedies and classes of actions or procedures" (*Nestor v McDowell*, 81 NY2d 410, 415 [1993]) which the legislature is empowered to enact and, as there is no dispute that the action is civil in nature (*Krieger v City of Rochester*, 42 Misc 3d 753 [Sup Ct, Monroe County 2013]; *see People v Nager*, 34 Misc 3d 135[A], 2011 NY Slip Op 52390[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; *County of Nassau v Levine*, 29 Misc 3d 474, 482 [Nassau Dist Ct 2010]; James M. Rose, New York Vehicle and Traffic Law § 26:12.50, 2013 Cum Supp at 294 [2d ed]), they supersede the CPLR and UDCA requirements for the commencement of an action (*see generally Matter of Dolce v Nassau County Traffic & Parking Violations Agency*, 7 NY3d 492 [2006]).

We also find that the regulations satisfy procedural due process. The essence of due process in this context is "the opportunity to be heard at a meaningful time and in a meaningful manner" (*Mathews v Eldridge*, 424 US 319, 333 [1976] [internal quotation marks omitted]; *e.g. Matter of Kaur v New York State*

*Urban Dev. Corp.*, 15 NY3d 235, 260 [2010]). "[D]ue process is a flexible constitutional concept calling for such procedural protections as a particular situation may demand" (*LaRossa, Axenfeld & Mitchell v Abrams*, 62 NY2d 583, 588 [1984]), and, in light of the particularized requirements by which a defendant is to be informed of the time, place, and nature of the violation and of the means by which it may be contested, it cannot be said that defendant was not afforded a meaningful opportunity to understand the nature of the violation and to interpose a defense.

Accordingly, the order is affirmed.

IANNACCI, J.P., MARANO and GARGUILO, JJ., concur.