OPINION OF THE COURT
Memorandum.
Ordered that the judgment is affirmed, without costs.
This action was commenced to impose civil liability upon defendant as the owner of a vehicle which had been recorded by a camera failing to stop at a red light at the intersection of New Hyde Park Road and Marcus Avenue, in violation of Local Law No. 12-2009 of the County of Nassau (see Vehicle and Traffic Law §§ 1111-b, 1111 [d]). At a nonjury trial, the People’s evidence consisted of photographs of defendant’s vehicle at the scene, a video, and a certificate by a technician certifying that she had reviewed the video and photographs and had determined that defendant’s vehicle had not stopped at a red light. This evidence established, prima facie, defendant’s liability (see Vehicle and Traffic Law § 1111-b [d]).
Defendant’s contention that the notice of liability must be dismissed on the ground that it did not comply with the requirements of Vehicle and Traffic Law § 238 lacks merit, since that section does not apply in actions to impose a civil liability for a “red-light camera” violation. Rather, Vehicle and Traffic Law § 238 applies where the operator of a vehicle has been served with a “notice of violation” pursuant to which he or she may plead either guilty or not guilty to the violation alleged in the notice of violation. The procedures adopted for commencing an action to impose a civil liability based on a “red-light camera” violation require that the notice state, among other things, the time and place of the infraction, the instrument that recorded the violation, the manner in which the owner may contest liability, and the consequences of failing to do so in the prescribed manner (Vehicle and Traffic Law § 1111-b [g] [l]-[4]). An action to impose liability represents a new remedy and class of action (Nestor v McDowell, 81 NY2d 410, 415 [1993]), which the legislature is empowered to enact and, as the action is civil in nature (see People v Nager, 34 Misc 3d 135[A], 2011 NY Slip Op 52390[U] [App Term, 2d Dept, *61 9th & 10th Jud Dists 2011]; Krieger v City of Rochester, 42 Misc 3d 753 [Sup Ct, Monroe County 2013]; County of Nassau v Levine, 29 Misc 3d 474, 482 [Nassau Dist Ct 2010]; James M. Rose, New York Vehicle and Traffic Law § 26:12.50, 2013 Cum Supp at 294 [2d ed]), the procedures set forth in Vehicle and Traffic Law § 1111-b for the commencement of the action supersede the CPLR and UDCA commencement requirements (see County of Suffolk v Caldone, 45 Misc 3d 1, 3 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
We have reviewed defendant’s remaining contentions and find them to be either without merit or unpreserved for appellate review.
Accordingly, the judgment is affirmed.
Maraño, P.J., Iannacci and Garguilo, JJ., concur.