The People of the State of New York, Respondent,
against
David Edward Goldberg, Appellant. 




Joel S. Ezra, for appellant.
Nassau County Attorney's Office (Jackie L. Gross and Jared A. Kasschau of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, Nassau County Traffic and Parking Violations Agency (Edward A. Maron, J.H.O.), entered September 13, 2018. The judgment, after a nonjury trial, imposed a $50 civil liability, plus $100 in administrative fees, upon defendant as the owner of a vehicle which had failed to stop at a red light as recorded by a camera. The appeal brings up for review an order of that court (Allen S. Mathers, J.H.O.) dated April 16, 2018 denying defendant's motion to dismiss the notice of liability.




ORDERED that the judgment is affirmed, without costs.
Defendant was served with a notice of liability pursuant to Vehicle and Traffic Law § 1111-b and Local Law No. 12-2009 of the County of Nassau. The notice alleges that a vehicle owned by defendant did not stop for a red light on December 23, 2017, at 9:47 p.m., as it traveled southbound at the intersection of Peninsula Boulevard and Lakeview Avenue, in violation of Vehicle and Traffic Law § 1111 (d). The notice states that a fine of $50, plus a $45 driver's responsibility fee and a $55 public safety fee, would be imposed and was due by March 26, 2018. Thereafter, defendant moved to dismiss the notice of liability on the ground that, as the traffic [*2]infraction took place in the Village of Rockville Centre, which elected not to join the Nassau County police district, the infraction could be prosecuted only in the Justice Court of the Village of Rockville Centre, not the Nassau County District Court. The People opposed the motion. By order dated April 16, 2018, the District Court of Nassau County, Nassau County Traffic and Parking Violations Agency (TPVA) (Allen S. Mathers, J.H.O.), denied the motion. Following a nonjury trial conducted before the TPVA (Edward A. Maron, J.H.O.) on September 13, 2018, defendant was found liable and a judgment was entered imposing a $50 civil liability plus $100 in administrative fees.
On appeal, defendant contends that the "Nassau County District Court does not have jurisdiction over the instant violation as the red light referred to in the notice of liability is located entirely within the geographical jurisdiction of the incorporated Village of Rockville Centre and jurisdiction over the violation is within the village justice court of the incorporated Village of Rockville Centre," and that any fines or penalties should be made payable to the Village of Rockville Centre.
As of May 2009, Vehicle and Traffic Law § 1111-b (1) (a) empowered Nassau County to "establish a demonstration program imposing monetary liability on the owner of a vehicle for failure of an operator thereof to comply with traffic-control indications" by "install[ing] and operat[ing] traffic-control signal photo violation-monitoring devices at . . . intersections within and under the jurisdiction of such county" in order to monitor whether an operator of a vehicle stops for a red light as required by Vehicle and Traffic Law § 1111 (d). In June 2009, Nassau County enacted Local Law No. 12-2009 which corresponds with the provisions of Vehicle and Traffic Law § 1111-b and provides that, among other things, "[a]djudication of the liability imposed upon owners by this title shall be by the Nassau County Traffic and Parking Violations Agency, as a branch of the District Court of Nassau County" (Local Law No. 12-2009 § 6).
The intersection of Peninsula Boulevard and Lakeview Avenue is located in the Village of Rockville Centre, which is within Nassau County. Nassau County has the sole authority to install and operate red-light cameras located within the county, and to issue a notice of liability to an owner of a vehicle when a camera records the vehicle failing to stop for a red light in violation of Vehicle and Traffic Law § 1111 (d) (see Local Law No. 12-2009; Vehicle and Traffic Law § 1111-b). No police district has the authority to issue a red-light camera violation notice of liability, and it is of no import that the Village of Rockville Centre has its own police district, traffic violations bureau, and Village Justice Court.[FN1]
As the instant action is civil in nature (see [*3]Village of Muttontown v Port Washington Holding Corp., 74 AD3d 793, 794 [2010]; People v Bowman, 62 Misc 3d 41, 43 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Davidowitz, 51 Misc 3d 59 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; County of Suffolk v Caldone, 45 Misc 3d 1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Nager, 34 Misc 3d 135[A], 2011 NY Slip Op 52390[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]), the County of Nassau has not usurped the policing power of the Village of Rockville Centre. Indeed, Vehicle and Traffic Law § 1111-b (g) (1)-(4) and Local Law No. 12-2009 § 5 provide the procedures for commencing an action to impose a civil liability based on a red-light camera violation. Both require the service of a notice of liability and neither require the issuance of a simplified traffic information. Consequently, defendant's contention that a simplified traffic information should have been filed lacks merit. Moreover, since Local Law No. 12-2009 § 1 (d) states that all funds collected pursuant to this law "shall be utilized solely to pay for expenses associated with the implementation and administration of the demonstration program . . . ," and Vehicle and Traffic Law § 1111-b (m) provides that "all fines and penalties collected under such [demonstration] program shall be made to the county treasurer," contrary to defendant's contention, any fines or penalties paid herein are not payable to the Village of Rockville Centre. 

Accordingly, the judgment is affirmed. 

RUDERMAN, J.P., ADAMS and TOLBERT, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: February 6, 2020



Footnotes

Footnote 1:Of course, if a police officer (employed by the county or village) observes a vehicle fail to stop for a red light, the officer can issue the driver of the vehicle (as opposed to the owner of the vehicle who was not the driver of the vehicle) a ticket for a Vehicle and Traffic Law § 1111 (d) violation, a traffic infraction, which is not the same as a notice of civil liability for a red-light camera violation.