OPINION OF THE COURT
Memorandum.
Appeal dismissed.
This appeal is taken from an adjudication in a proceeding before the Nassau County Traffic and Parking Violations Agency. The question that arises is whether the appeal is properly before this court.
Pursuant to chapter 496 of the Laws of 1990, the Board of Supervisors of the County of Nassau was authorized to create *682 a traffic and parking violations agency “to assist the court having jurisdiction of traffic and parking cases in the administration and disposition of traffic and parking infractions” (General Municipal Law § 370 [2]). Such agency was established by a local law, effective January 28, 1991, amending chapter XXIV of the Nassau County Administrative Code, adding a new title thereto, known as title A.
Chapter 496 also amended the Vehicle and Traffic Law by adding a new article 44-A concerning the authority of the Nassau County District Court Judicial Hearing Officers. It provides that “the administrative judge of the county * * * may assign judicial hearing officers” to hear certain traffic or parking infractions. (Vehicle and Traffic Law § 1690 [1].) Where such an assignment is made, “[a]ny action taken by a judicial hearing officer in the conduct of a trial or other disposition thereof shall be deemed the action of the court in which the proceeding is pending.” (Vehicle and Traffic Law § 1690 [3]; emphasis supplied.)
One may argue, from the above, that the Traffic and Parking Violations Agency is an arm of the court and that its determinations may be appealable to the Appellate Term. There are, however, other provisions in the legislation which lead to a contrary conclusion.
If the agency is in fact only an arm or branch of the court, a clear difficulty is presented as to the meaning of General Municipal Law § 371 (3), which provides that the “agency shall not be authorized to deprive a person of his right to counsel or to prevent him from exercising his right to appear in court to answer to, explain, or defend any charge of a violation of any traffic law, ordinance, rule or regulation” (emphasis supplied). This section also appears to conflict with the amendment to the Criminal Procedure Law effected by section 10 of chapter 496. That section added a new subdivision (5) to CPL 350.20 and permits the Administrative Judge of Nassau County, without consent of the parties, to assign matters involving traffic and parking infractions to a Judicial Hearing Officer for all proceedings before the District Court of Nassau County. The only interpretation that would avoid this conflict is that the agency is separate and distinct from the court. Then, consent of a defendant would not be needed to refer the matter to a Judicial Hearing Officer for a trial in the court, while a person might still object to a hearing before a Judicial Hearing Officer in the agency.
Moreover, under General Municipal Law § 371, a person having three or more violations other than parking violations *683 within, the preceding 12 months shall not be permitted to appear and answer to a subsequent violation at the agency but must appear in court at a time specified by the agency. Obviously, such language envisions the agency as a separate entity.
The executive director of the agency indicated that the fines imposed by the agency are not forwarded to the court, nor are judgments of conviction docketed in the Nassau County District Court (General Municipal Law § 371 provided that a person pleading guilty authorized the payment of the fine into court. Chapter 496 eliminated this provision). This further supports the view that the agency is separate and independent from the court, as would the judicial memorandum to chapter 496 by the Office of Court Administration, which indicated that the measure is a “small but significant incremental step toward achievement of an important objective of this Office: divestiture in City and District Courts statewide of jurisdiction over noncriminal traffic violations and parking violations” (mem of Off of Ct Admin, 1990 McKinney’s Session Laws of NY, at 2929; emphasis supplied).
Further indication of the independent status of the agency is to be found in the fact that personnel of the Nassau County District Court are State employees whose salaries are paid by the State, whereas personnel of the agency are county employees whose salaries are paid by Nassau County. Note should also be made of section 1690 of the Vehicle and Traffic Law (art 44-A, which was added by L 1990, ch 496), which provides that such Judicial Hearing Officer is prohibited from appearing on a matter relating to traffic or parking violations, “in any capacity other than as a judicial hearing officer in any other court or administrative tribunal” (Vehicle and Traffic Law § 1690 [4]; emphasis supplied).
An examination of the Bill Jacket for the legislation does not provide any definitive answer to the problem. The “memorandum in support” indicates that the Nassau County Blue Ribbon Panel, which was established by County Executive Thomas Gulotta, was directed to study various aspects of the county’s justice system and it strongly recommended the establishment of a Nassau County Traffic and Parking Violations Agency, the goal of which would be to relieve the District Attorney and the Nassau County District Court of routine traffic and parking responsibilities. The memorandum further states: “Hopefully, the establishment of a TPVA [Traffic and Parking Violations Agency] will also lead to the more effective administration and treatment of parking scofflaws.” (Mem in *684 support, Bill Jacket, L 1990, ch 496, at 6.) It is also pointed out that the cost of staffing and administering the agency is to be borne by Nassau County.
A letter in support of the bill to the Counsel for the Governor from Assemblyman Henry Weisenberg states that, “[u]nlike the traffic adjudication bureaus currently found in New York City and other areas, under this bill, the residents of Nassau County would be assured of a judicial presence during trial and would be afforded the protections of the Criminal Procedure Law.” (Bill Jacket, L 1990, ch 496, at 14.) Evidently, Assemblyman Weisenberg was referring to the fact that trials were to take place before Judicial Hearing Officers and that the rules applicable to traffic cases before the court would apply in the agency.
A memorandum from the Division of State Police, while not objecting to the concept and intent of the legislation, harbored serious reservations. It indicated that a plea of guilty before the Traffic and Parking Violations Agency could, in certain cases, preclude conviction on another pending charge arising out of the same incident, if the government must prove the earlier offense to establish an element of the subsequent charge. The memorandum recognizes that this could occur in any local superior court jurisdiction, but states that “the isolation of the proposed adjudication agency from the criminal justice system and the District Attorney could exacerbate the potential for this situation.” (Mem of Div of State Police, Bill Jacket, L 1990, ch 496, at 18.) Apparently, the Division of State Police considers the agency separate and distinct from the court.
Finally, it must be noted that none of the papers in the record now before this court give any indication whatsoever that the judgment rendered was done so on behalf of the District Court. Indeed, all the papers refer solely to the agency.
In view of the foregoing, it is our opinion that determinations made by Judicial Hearing Officers sitting in the Nassau County Traffic and Parking Violations Agency are not determinations made by the District Court and that the Appellate Term has no jurisdiction to hear any appeals therefrom.
Accordingly, this appeal is dismissed.
DiPaola, P. J., Ingrassia and Floyd, JJ., concur.