In the Matter of TERENCE DOLCE, Respondent, v NASSAU COUNTY TRAFFIC AND PARKING VIOLATIONS AGENCY, Appellant. [799 NYS2d 95]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel dismissal of uniform traffic ticket number LG2777110, and to review a determination of the Nassau County Traffic and Parking Violations Agency dated May 28, 2003, which, among other things, denied the petitioner's motion to dismiss the simplified traffic information, the Nassau County Traffic and Parking Violations Agency appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Davis, J.), entered October 27, 2003, which, inter alia, in effect, granted the petition, annulled the determination and transferred the matter to the Village Court of the Village of Mineola for further proceedings.

Ordered that the order and judgment is affirmed, with costs.

CPL 100.55 (1) provides that an information or a simplified information may be filed with "a district court of a particular county when an offense charged therein was allegedly committed in such county." In the instant case, it is not disputed that the offense charged in the simplified traffic information issued to the petitioner occurred in Nassau County, and thus, such accusatory instrument could have been filed with the Nassau County District Court. There is no indication, however, that the simplified traffic information was filed with that court. Instead, it was filed with the appellant, the Nassau County Traffic and Parking Violations Agency (hereinafter the Agency).

The Agency was formed "to assist the Nassau county district court in the disposition and administration of infractions of traffic and parking laws" (General Municipal Law § 371 [2]). However, it is not part of the Nassau County District Court (*see* General Municipal Law § 370 [2]; § 374 [b]; *People v Jones,* 178 Misc 2d 681 [1998]). By contrast, the Agency is a "department" of the Nassau County government which is overseen by an executive director who is appointed by the county executive and confirmed by the county legislature (*see* General Municipal Law § 370 [2]; § 374 [b]). Despite the Agency's charge to assist the Nassau County District Court, the Legislature contemplated that actions involving traffic offenses must still be pending in the court (*see* Vehicle and Traffic Law § 1690 [2], [3]; General Municipal Law § 371 [3]; CPL 100.55 [1]). Since there is no indication that the instant matter was pending before the Nassau County District Court, the Agency did not have jurisdiction over the matter pursuant to CPL 100.55 [1].

Contrary to the Agency's further contention, the doctrine of exhaustion of remedies did not bar this proceeding because the petitioner challenged the Agency's action as wholly beyond its grant of power and jurisdiction (*see Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57 [1978]; *cf. Matter of Grande v Nassau County,* 275 AD2d 457 [2000]). Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.