[859 NE2d 469, 825 NYS2d 663]

In the Matter of TERENCE DOLCE, Respondent, v NASSAU COUNTY TRAFFIC AND PARKING VIOLATIONS AGENCY, Appellant.

Argued September 13, 2006; decided October 24, 2006

## POINTS OF COUNSEL

*Lorna B. Goodman, County Attorney,* Mineola (*Dennis J. Saffran* of counsel), for appellant. I. The Traffic and Parking Violations Agency is an arm of the District Court for the purpose of the filing of a simplified traffic information to commence a case—a duplicative physical filing at the courthouse is not required. (*People v Jones,* 178 Misc 2d 681; *Matter of Allstate Ins. Co. v Shaw,* 52 NY2d 818; *Cabell v Markham,* 148 F2d 737.) II. Since the Traffic and Parking Violations Agency is an adjunct of the District Court for the purpose of this filing, it has concurrent jurisdiction with the Village Court over traffic and parking cases arising in villages.

*Albanese & Albanese LLP,* Garden City (*Robert A. Carpentier* of counsel), for respondent. In the case at bar the Traffic and Parking Violations Agency did not have jurisdiction over the simplified traffic information involving an alleged traffic offense within the geographical boundaries of the Incorporated Village of Mineola. (*People v Jones,* 178 Misc 2d 681.)

## OPINION OF THE COURT

CIPARICK, J.

In this appeal we are asked to determine whether the Nassau County Traffic and Parking Violations Agency (TPVA) has jurisdiction to adjudicate certain traffic and parking violations and, further, whether a duplicate physical filing in the District Court of a simplified traffic information is necessary to confer such jurisdiction on the TPVA. Upon reviewing the

language of the statute authorizing the creation of the TPVA and its legislative history, we conclude that the TPVA was created to be an adjunct of the Nassau County District Court and therefore has jurisdiction to adjudicate traffic and parking violations without the need for any duplicative filing in District Court.

Petitioner was issued a traffic ticket in 2001, returnable at the TPVA, for allegedly driving around a lowered railroad crossing gate in the Village of Mineola, County of Nassau. His motion to dismiss the simplified traffic information, based on the prosecution's alleged failure to provide a supporting deposition as requested, was denied by a TPVA judicial hearing officer. Petitioner then initiated this CPLR article 78 proceeding seeking annulment of the judicial hearing officer's determination. He also alleged that the TPVA lacked jurisdiction, which should properly lie in the Mineola Village Court.

Supreme Court granted the petition, annulled the determination and transferred the matter to the Mineola Village Court for further proceedings. The court observed that the accusatory instrument was not filed pursuant to CPL 100.55 (5) (authorizing the filing of certain accusatory instruments, including simplified traffic informations, "with a village court of a particular village when an offense charged therein was allegedly committed in such village"). The court further opined that although CPL 100.55 (1) and (9) grant the Nassau County District Court concurrent jurisdiction with the Village Court for offenses committed within the county, the section apparently fails to grant concurrent jurisdiction to the TPVA. Relying on *People v Jones* (178 Misc 2d 681 [App Term, 2d Dept 1998]), Supreme Court reasoned that the TPVA was not an arm of the District Court. The Appellate Division affirmed, concluding that District Court retained plenary jurisdiction and that since the simplified traffic information here was not physically filed with District Court as required by CPL 100.55 (1), jurisdiction was lacking. We now reverse.[1]

In 1990, the Legislature authorized the Board of Supervisors of the County of Nassau to "establish a traffic and parking violations agency to assist the court having jurisdiction of traffic and parking cases in the administration and disposition of traffic and parking infractions" (former General Municipal Law

---

**1.** Neither court below addressed the claims of failure to provide a supporting deposition or that TPVA's determination was arbitrary and capricious and unsupported by substantial evidence.

§ 370 [2] [added by L 1990, ch 496, § 1]). Pursuant to this authority, the Nassau County Administrative Code was thereafter amended to provide for the establishment of the Nassau County TPVA (*see* Nassau County Administrative Code § 24-1.0 *et seq.*, added by Local Law No. 1-1991 of the County of Nassau [eff Jan. 28, 1991], as amended by Local Law No. 5-1992 [eff Apr. 6, 1992]).

 Unlike the courts below, we conclude that the TPVA was established simply as a branch of the Nassau County District Court, which court concededly has jurisdiction to adjudicate simplified traffic informations under CPL 100.55 (1). We further determine that *People v Jones*, which held to the contrary and on which the courts below relied, was wrongly decided.

 Both the statutory language and the legislative history support the conclusion that the TPVA was intended to be an arm of the District Court. First, the TPVA enabling legislation amended the Criminal Procedure Law to permit the Administrative Judge of Nassau County, without consent of the parties, to assign certain Nassau County District Court matters involving traffic and parking infractions to judicial hearing officers (*see* CPL 350.20 [5]). The TPVA uses these very District Court judicial hearing officers to adjudicate such matters (*see* Vehicle and Traffic Law § 1690 [1]). Moreover, "[a]ny action taken by a judicial hearing officer in the conduct of a trial or other disposition thereof shall be deemed the action of the court in which the proceeding is pending" (Vehicle and Traffic Law § 1690 [3]; *see also* Nassau County Mem in Support, Bill Jacket, L 1990, ch 496, at 8 ["(u)nlike the traffic adjudication bureaus currently found in New York City and other areas, under this bill, the residents of Nassau County would be assured of a judicial presence during trial and would be afforded the protections of the Criminal Procedure Law"]).

In concluding that the TPVA is not an arm of the Nassau County District Court, the Appellate Term in *Jones* noted that General Municipal Law § 371 (3) provides that the "agency shall not be authorized to deprive a person of his right to counsel or to prevent him from exercising his right to appear *in court* to answer to, explain, or defend any charge" (emphasis added). Properly construed, however, this statute means only that the TPVA may not lawfully deprive a person of his or her right to appear personally before the court—including before the TPVA. Thus, a defendant permitted to appear before the agency is

indeed exercising his or her right "to appear in court" to answer the charges, since the TPVA is—and was established to be, as jurisdictionally required in order for it to function—an arm of the District Court.[2]

The Legislature could not have intended that the statute be construed otherwise, since the Appellate Term's reading would divest the TPVA of jurisdiction to hear the very matters for which it was established. Rather, since the Legislature must have contemplated that cases before the TPVA would continue to be deemed District Court cases, it did not bother to amend CPL 100.55—which confers jurisdiction by specifying the courts in which local criminal court accusatory instruments (including simplified traffic informations) may be filed—to add the TPVA as an enumerated body having concurrent jurisdiction over traffic infractions occurring within a village.

The Appellate Term also erred when it stated that the fines imposed by the agency are not "forwarded" to the court, and that judgments of conviction are not docketed in the Nassau County District Court (178 Misc 2d at 683). Since they are docketed in the TPVA, which is itself a branch of the court, there is no need to docket the judgments twice or to "forward" fines to a different part of the very court into which they have already been paid. Indeed, the fines that may be imposed by, and the procedures before, the TPVA hearing officers are set by the Board of Judges of the Nassau County District Court (*see* Nassau County Charter § 2408).

The Appellate Term further based its conclusion on the statutory requirement that a person having three or more violations, other than parking violations, within the preceding 12 months "shall not be permitted to appear and answer to a subsequent violation at the traffic violations bureau or agency, but must appear in court at a time specified by the bureau or agency" (General Municipal Law § 371 [3]). When applied to the TPVA,[3] this means only that a person with three or more convictions must

---

**2.** It should be noted that Vehicle and Traffic Law § 1690 (1) requires that the Administrative Judge of the County appoint judicial hearing officers who must be admitted to practice law and be village court justices or retired judges with two years of experience conducting trials of traffic violations.

**3.** General Municipal Law § 371 (3)—whose provisions predate chapter 496 of the Laws of 1990 (which added former General Municipal Law § 370 [2], authorizing the establishment of the Nassau County TPVA)—applies both to city, town and village "traffic violations bureau[s]" authorized by General Municipal Law § 370 (1), and to the Nassau County TPVA authorized by General Municipal Law § 370 (2).

appear before a judge, and not a judicial hearing officer. Admittedly, in our reading, the Legislature's use of the word "court" in section 371 (3) is inconsistent with its use of the same word elsewhere in the statute governing the TPVA. Only by acknowledging this inconsistency, however, can we read the statute as a coherent whole, designed to accomplish its purpose.

Finally, the Appellate Term relied on an Office of Court Administration (OCA) memorandum submitted in support of the original legislation creating the TPVA, which stated that it viewed the proposed bill as a "small but significant incremental step toward achievement of an important objective of this Office: divestiture in City and District Courts statewide of jurisdiction over non-criminal traffic violations and parking violations" (Mem of Off of Ct Admin, 1990 McKinney's Session Laws of NY, at 2929). Plainly, OCA meant by this that it welcomed the stated goal of the proposed legislation—"to relieve the Nassau County District Attorney[4] and the Nassau County District Court of routine traffic and parking responsibilities so that their time and efforts can be more effectively focused on serious felony and misdemeanor matters" (Senate-Assembly Mem in Support, Bill Jacket, L 1990, ch 496, at 6; *see also* Mem of Off of Ct Admin, 1990 McKinney's Session Laws of NY, at 2929 [measure promises to "free( ) heavily-burdened District Court Judges to preside over more significant civil and criminal matters"]; *cf.* Vehicle and Traffic Law §§ 215, 225 [statutory authority for the formation of tribunals to handle certain traffic infractions in cities with a population of two hundred thousand or more]).

■ Nor do we agree with the Appellate Division that the statutory scheme requires the People to physically file duplicative copies of the same simplified traffic information—one at the Nassau County District Courthouse and one with the TPVA—in order to confer jurisdiction on the TPVA. The Appellate Division based its conclusion on Vehicle and Traffic Law § 1690, which provides that "the judicial hearing officer shall have the same powers as a judge of the court *in which the proceeding is pending*" (Vehicle and Traffic Law § 1690 [2] [emphasis added]), and that "[a]ny action taken by a judicial hearing officer in the conduct of a trial or other disposition

---

4. The legislation also created the position of "traffic prosecutor" (*see* General Municipal Law § 374), thereby freeing overburdened Nassau County assistant district attorneys from the prosecution of minor traffic offenses.

thereof shall be deemed the action of the court *in which the proceeding is pending*" (Vehicle and Traffic Law § 1690 [3] [emphasis added]). Again, since the TPVA is an arm of the District Court, the proceeding is indeed pending in that court by virtue of its filing with the TPVA.

In addition to relying on *Jones*, the Appellate Division further based its conclusion that the TPVA is not a branch of the Nassau County District Court on its belief that the agency is actually "a 'department' of the Nassau County government which is overseen by an executive director who is appointed by the county executive and confirmed by the county legislature" (20 AD3d 415, 416 [2d Dept 2005]). In so stating, however, the Appellate Division appears to have been referring to, and citing, amended versions of General Municipal Law § 370 (2) and § 374 (b) that were not enacted until 2002 (*see* L 2002, ch 527, §§ 1, 3). But petitioner's alleged traffic infraction was committed in 2001, before these amendments. Accordingly, in determining the jurisdictional question posed, the Appellate Division failed to construe the statutes actually in effect at the time of the filing of the instant simplified traffic information (*see* L 2002, ch 527, § 6 ["(n)othing in this act shall be construed . . . to impair the authority of actions taken in cases before the Nassau county traffic and parking violations agency prior to the effective date of this act or to affect the status of any matter pending before the Nassau county traffic and parking violations agency prior to such date"]).

In any event, the Appellate Division erred in failing to recognize that the TPVA is a hybrid agency that exercises both prosecutorial and adjudicatory responsibilities (*see* Senate-Assembly Mem in Support, Bill Jacket, L 1990, ch 496, at 5 [purpose of the bill is to "establish a Traffic and Parking Violations Agency *for the prosecution and adjudication* of traffic and parking violations in Nassau County" (emphasis added)]). The 2002 amendments all related to the prosecutorial function of the TPVA, which is distinct from the adjudicatory function of the TPVA, which remains within the District Court.[5] Indeed, Nassau

---

5. Specifically, the amendments removed the responsibility for appointing traffic prosecutors from the judiciary to the Executive Director of the TPVA, who, in turn, was also no longer to be appointed by the judiciary. In enacting these amendments, the Legislature was responding to concerns that the then-current administrative structure of the agency had "support[ed] an unaccountable bureaucracy that has resulted in tremendous governmental waste,"

County judicial hearing officers, who preside over TPVA matters, continue to be appointed by the Nassau County Administrative Judge.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court for further proceedings on the petition.

Chief Judge KAYE and Judges ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur; Judge PIGOTT taking no part.

Order reversed, etc.

and that the lack of political accountability had resulted in a failure "to keep unsafe drivers off the road, appropriately sanction violators and collect fines" (Senate Mem in Support, 2002 McKinney's Session Laws of NY, at 2032).