The People of the State of New York, Respondent,
against
Sal J. Cataldo, Appellant.




Scott Lockwood, Esq., for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff, Esq.), for respondent.

Appeal by defendant, as limited by the brief, from so much of a sentence of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Allen S. Mathers, J.H.O.), imposed December 9, 2015, as upon his conviction, following a nonjury trial, of speeding, imposed a 30-day suspension of his driver's license, and from the imposition of a $55 administrative fee.




ORDERED that the sentence, insofar as appealed from, is affirmed.
Following a nonjury trial, the District Court found defendant guilty of speeding (Vehicle and Traffic Law § 1180 [b]) and sentenced him to a $300 fine and a 30-day suspension of his driver's license. The court also imposed an $88 surcharge and a $55 administrative fee. 
Contrary to defendant's contention, Vehicle and Traffic Law § 510 (3) (a) authorizes the suspension of a driver's license by the court upon a judgment convicting a driver of violating Vehicle and Traffic Law § 1180 (b) (see also Penal Law § 60.30), and Vehicle and Traffic Law § 1690 (1) authorizes a judicial hearing officer to "entertain the case in the same manner as a court," which includes the imposition of a sentence (see Vehicle and Traffic Law § 1690 [1] [d]; see generally Matter of Dolce v Nassau County Traffic and Parking Violations Agency, 7 NY3d 492 [2006]). Consequently, the suspension of defendant's driver's license was authorized.
Defendant's contention, that the imposition of the administrative fee in the sum of $55 was unauthorized since state law preempts the imposition of such a fee, is not preserved for [*2]appellate review (CPL 470.05 [2]). While a challenge to an illegal sentence falls within the narrow exception to the preservation rule (see People v Samms, 95 NY2d 53 [2000]), the imposition of this fee is not a component of the sentence (see People v Hoti, 12 NY3d 742, 743 [2009]; People v Guerrero, 12 NY3d 45, 48—50 [2009]). Therefore, defendant's claim does not fall under this narrow exception to the preservation rule, and we decline to review the claim in the interest of justice.
Accordingly, the sentence, insofar as appealed from, is affirmed.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2017