Matter of Law Offs. of Cory H. Morris v County of Nassau (2018 NY Slip Op 00835)





Matter of Law Offs. of Cory H. Morris v County of Nassau


2018 NY Slip Op 00835


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2015-07869
 (Index No. 2591/15)

[*1]In the Matter of Law Offices of Cory H. Morris, appellant, 
v
County of Nassau, et al., respondents.


Law Offices of Cory H. Morris, Hauppauge, NY, appellant pro se.
Jared A. Kasschau, County Attorney, Mineola, NY (Samantha A. Goetz and Nicholas Vevante of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered June 12, 2015, as denied that branch of the petition which was to compel the production of certain specified records of the Nassau County Traffic and Parking Violations Agency and dismissed that portion of the proceeding.
ORDERED that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the petition which was to compel the production of certain specified records of the Nassau County Traffic and Parking Violations Agency is granted to the extent that the respondents are directed to produce the documents held by the Nassau County Traffic and Parking Violations Agency for an in camera inspection by the Supreme Court, Nassau County, and the matter is remitted to the Supreme Court, Nassau County, for an in camera inspection of those documents and a new determination thereafter.
The petitioner made a request under the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) for the production of certain records pertaining to the County of Nassau's photo speed monitoring system. After his request was denied, the petitioner pursued an administrative appeal, which was successful, in part, and unsuccessful, in part. The appeals officer declined to order the production of records held by the Nassau County Traffic and Parking Violations Agency (hereinafter the TPVA) on the ground that the TPVA is part of the judiciary and, thus, its records are not the records of an "agency" as defined in Public Officers Law § 86(3). The petitioner then commenced this proceeding under CPLR article 78, inter alia, to compel the production of records held by the TPVA. The Supreme Court denied that branch of the petition and dismissed that portion of the proceeding. The court held that the TPVA is part of the "judiciary" and therefore "expressly exempt" from FOIL. The petitioner appeals.
FOIL "expresses this State's strong commitment to open government and public accountability and imposes a broad standard of disclosure upon the State and its agencies" (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 565; see Matter of Berger v New York City Dept. of Health & Mental Hygiene, 137 AD3d 904, 906). To this end, FOIL provides that all records of a public agency are presumptively open to public inspection and copying unless otherwise specifically exempted (see Public Officers Law § 87[2]; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 565; Matter of New York Times Co. v New York State [*2]Dept. of Health, 243 AD2d 157, 159).
FOIL applies to "agency" records, but its definition of "agency" expressly excludes the "judiciary" (Public Officers Law § 86[3]). FOIL defines "judiciary" as "the courts of the state, including any municipal or district court, whether or not of record" (Public Officers Law § 86[1]). In Matter of Dolce v Nassau County Traffic & Parking Violations Agency (7 NY3d 492, 498), the Court of Appeals stated that for purposes of jurisdiction over certain matters, the TPVA is "an arm of the District Court," so that matters pending in the TPVA are considered to be pending in the District Court. Accordingly, it is indisputable that, at least for certain purposes, the TPVA is part of the judiciary. The Supreme Court erred, however, in holding that the TPVA is entirely judicial and thus not subject to FOIL at all. The Court of Appeals expressly recognized in Matter of Dolce v Nassau County Traffic & Parking Violations Agency that the TPVA is a "hybrid agency that exercises both prosecutorial and adjudicatory responsibilities," and that the prosecutorial function is "distinct from the adjudicatory function" (id. at 498). Accordingly, to the extent that a TPVA record concerns the nonadjudicatory responsibilities of the TPVA, it is not exempt from disclosure under the definition of "agency" in Public Officers Law § 86(3). Without examination of the records that the petitioner seeks, the Supreme Court cannot make a determination as to whether they are exempt from disclosure as records of the "judiciary" (Public Officers Law § 86[1], [3]).
The parties' remaining contentions are without merit.
Accordingly, we remit the matter to the Supreme Court, Nassau County, for an in camera examination of the TPVA documents requested by the petitioner and a new determination thereafter, including as to whether the petitioner may be entitled to an award of an attorney's fee.
DILLON, J.P., BALKIN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court