# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 36
The People &c.,
     Appellant,
    v.
Eric J. Iverson,
     Respondent.
--------------------------
No. 37
The People &c.,
     Appellant,
    v.
Jack J. Cucceraldo,
     Respondent.

For Nos. 36 & 37:

Scott C. Lockwood, for respondent.

GARCIA, J.:

Defendants in these two appeals were charged with certain traffic infractions. Each defendant answered as required, pleaded not guilty to those charges, and demanded a trial. Both defendants, however, failed to timely appear for trial. As a result, a judicial hearing

officer with the Suffolk County Traffic and Parking Violations Agency rendered default judgments against each of them. We agree with the Appellate Term that entry of a default judgment was not authorized under these circumstances and, therefore, affirm.

The uniform traffic tickets issued to each defendant here instructed the recipient to appear before the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (TPVA), on a specific date and time.[1] A TPVA, as we have said, is "a hybrid agency that exercises both prosecutorial and adjudicatory responsibilities" (*Matter of Dolce v Nassau County Traffic and Parking Violations Agency*, 7 NY3d 492, 498 [2006]). These agencies were created by the Legislature with authority to handle routine traffic and parking violations, thereby reducing the caseload of the overburdened local courts (*see* L 1990, ch 496, § 1, as amended by L 2012, ch 388, § 1; General Municipal Law § 370; CPL 350.20 [5]; Vehicle and Traffic Law § 1690 [1]; *Matter of Dolce*, 7 NY3d at 495-498). TPVAs are criminal courts (*see* CPL 10.10) that operate as an "arm" or a "branch" of the district court of the county in which it is situated (*Matter of Dolce*, 7 NY3d at 495-498; *see* General Municipal Law § 371 [2]; CPL 350.20 [5]; Vehicle and Traffic Law § 1690 [1], [3]). As such, a TPVA has the same judicial authority as the district court to conduct trials, which are presided over by a judicial hearing officer (*see* Vehicle and Traffic Law § 1690 [1]-[3]). The rules of evidence apply; the People have the burden of

---

[1] In *Iverson*, defendant was issued two tickets charging him with uninsured operation of a motor vehicle and operating a motor vehicle upon a public highway while using a mobile telephone. In *Cucceraldo*, defendant was issued four tickets charging him with uninsured operation of a motor vehicle, unlicensed operation of a motor vehicle, operating a motor vehicle upon a public highway while using a mobile telephone, and operating a motor vehicle without distinctive number license plates.

proving guilt beyond a reasonable doubt; and any appeals go to the Appellate Term (*see id.*; *Matter of Dolce*, 7 NY3d at 495).

Defendants in these cases were prosecuted in district court.[2]  Each defendant timely appeared before the TPVA, pleaded not guilty, and requested a trial.  They were each given a document indicating the date and time of the trial with a warning of the repercussions for failure to appear: "THE COURT MAY ISSUE A WARRANT FOR YOUR ARREST OR PROCEED IN YOUR ABSENCE AND YOU WILL BE LIABLE FOR ANY SENTENCE AND/OR FEES IMPOSED, INCLUDING INCARCERATION, AND other penalties permitted by law."  Despite the warning notice, defendants failed to timely appear on their respective trial dates.  No attempt was made by the People to try defendants *in absentia*.  Rather, a judicial hearing officer of the TPVA rendered default judgments against them and imposed fines.[3]

Each defendant appealed, arguing that, under Vehicle and Traffic Law § 1806-a, once defendant answered and pleaded not guilty, the TPVA did not have the authority to render a default judgment upon that defendant's failure to timely appear for trial.  The Appellate Term agreed and reversed in each case (*see People v Iverson*, 63 Misc 3d 163[A], 2019 NY Slip Op 50930[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; *People*

---

[2] Several towns on Long Island are governed by district courts, including the towns in which defendants were ticketed—Huntington and Islip (*see* Uniform District Court Act §§ 102, 2401, 2501, 2611; Nassau County Charter §§ 2401, 2402, 2405; Suffolk County Charter § C25-1, -2, -3).  Traffic infractions prosecuted in those towns therefore fall within the local TPVA's jurisdiction—here, the Suffolk County TPVA (*see* General Municipal Law § 370 [3]; Vehicle and Traffic Law § 1690 [1]; Suffolk County Charter § C37-1).
[3] Defendant, in *Iverson*, filed a CPL 440.10 motion seeking vacatur of his conviction for uninsured operation of a motor vehicle.  The motion was granted on consent.

*v Cucceraldo*, 64 Misc 3d 30, 31-32 [App Term, 2d Dept, 9th and 10th Jud Dists 2019]).

In *Cucceraldo*, the Appellate Term also expressly rejected the People's argument that

article 2–A of the Vehicle and Traffic Law authorized the TPVA to enter the default

judgment, holding that article 2–A applies only to traffic violations bureaus, not to TPVAs

(*Cucceraldo*, 64 Misc 3d at 32).

A Judge of this Court granted leave to appeal in each case.

The issue before us is whether a TPVA judicial hearing officer is authorized under

the Vehicle and Traffic Law to render a default judgment against a defendant charged with

a traffic infraction who first enters a timely not guilty plea but then fails to appear for trial.

We answer that question in the negative.

"It is fundamental that a court, in interpreting a statute, should attempt to effectuate

the intent of the Legislature" (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New

York*, 41 NY2d 205, 208 [1976]).  Accordingly, courts "look first to the statutory text,

which is 'the clearest indicator of legislative intent'" (*Matter of New York County Lawyers'

Assn. v Bloomberg*, 19 NY3d 712, 721 [2012] [internal quotation marks omitted]).  In a

manner consistent with the statutory text, this Court, in interpreting a statute, may also look

to the "purpose of the legislation, which requires examination of the statutory context of

the provision as well as its legislative history" (*Town of Aurora v Village of E. Aurora*, 32

NY3d 366, 372 [2018] [internal quotation marks omitted]).  Ultimately, this Court should

"give the statute a sensible and practical over-all construction, which is consistent with and

furthers its scheme and purpose and which harmonizes all its interlocking provisions"

(*Matter of Long v Adirondack Park Agency*, 76 NY2d 416, 420 [1990]).

The relevant section of the Vehicle and Traffic Law, titled "Default judgment in cases of failure to answer," reads, in pertinent part, as follows:

> "In the event a person charged with a traffic infraction does not answer within the time specified, the court having jurisdiction, other than a court in a city over one million population may, in addition to any other action authorized by law, enter a plea of guilty on behalf of the defendant and render a default judgment of a fine determined by the court within the amount authorized by law. Any judgment entered pursuant to default shall be civil in nature . . . . When a person has entered a plea of not guilty and has demanded a hearing, no fine or penalty shall be imposed for any reason, prior to the holding of the hearing which shall be scheduled by the court of such city, village or town within thirty days of such demand" (Vehicle and Traffic Law § 1806-a [1]).

The text of the statute sets forth a straightforward rule regarding a court's authority to enter a default judgment: a "court having jurisdiction" may "enter a plea of guilty on behalf of the defendant and render a default judgment," which will be "civil in nature," only where that defendant "does not answer within the time specified"—that is, when the defendant fails to enter a plea on the charge by the date specified in the uniform traffic ticket (*id.*). Conversely, then, the court having jurisdiction may not render a default judgment where the defendant timely answers the charge by entering a plea (*see id.*). Indeed, the statute expressly provides that, if the defendant "has entered a plea of not guilty and has demanded a hearing, no fine or penalty shall be imposed for any reason" prior to holding that hearing—a default judgment after a plea is therefore prohibited (*id.*). The statute's legislative history reinforces the rule articulated in the plain language of the text, making clear that the purpose of the statute was to "motivate an appearance and entry of a plea on the original charge" (Letter from Assoc of Towns, July 3, 1984 at 2, Bill Jacket, L

1984, ch 841) and to allow a court "to obtain a judgment against a person who refuses to answer a charge of a traffic violation" (1984 NY Senate-Assembly Bill S8092, A9546, Mem in Support of Legislation).

In each case before us, there is no dispute that defendant timely answered the charges by entering a plea of not guilty and demanding a trial. Therefore, contrary to the People's claim, the unambiguous language of the statute makes clear that the TPVA—"the court having jurisdiction"—was prohibited from entering a default judgment against defendant.

Equally unavailing is the People's reliance on article 2–A of the Vehicle and Traffic Law. Article 2–A, unlike Vehicle and Traffic Law § 1806-a, authorizes the entry of a default judgment against a defendant for failure to appear for trial (*see* Vehicle and Traffic Law §§ 226 [3]; 227 [4] [a]). However, article 2–A applies to the Traffic Violations Bureau (TVB), not to TPVAs.

The TVB was created by the Legislature for a similar purpose as the TPVAs, namely to assist the overburdened criminal courts of New York City with the disposition of routine traffic and parking violations (*see* L 1969, ch 1074, § 2). Unlike TPVAs, however, the TVB is not a criminal court (*see* CPL 10.10). It is instead an administrative tribunal where, in cities having a population of one million or more, traffic infractions may be disposed of in an administrative hearing held before a hearing officer appointed by the Commissioner of Motor Vehicles (*see* Vehicle and Traffic Law §§ 225 [1]; 227 [1]; *Matter of Rosenthal v Hartnett*, 36 NY2d 269, 271-272 [1975]; *see also* General Municipal Law § 371 [1]; 15 NYCRR 121.1-121.4). In contrast to trials conducted before TPVAs,

hearings before the TVB are not governed by the CPL (*see* 15 NYCRR 121.2, 123.1). Moreover, the burden of proof for establishing a charge before the TVB is clear and convincing evidence (*see* Vehicle and Traffic Law § 227 [1]; 15 NYCRR 124.4)—rather than proof beyond a reasonable doubt—and the TVB's determination is not subject to direct review by an appellate court, but rather is reviewed by an administrative appeals board, whose determination is then subject to judicial review only by way of a CPLR article 78 proceeding (*see* Vehicle and Traffic Law §§ 228; 260; 263; 15 NYCRR 126.1, 126.5).

Article 2–A expressly provides that the procedures set forth therein apply only "within a city having a population of one million or more *in which administrative tribunals have heretofore, been established*" (Vehicle and Traffic Law § 225 [1] [emphasis added]). Accordingly, article 2–A, including the provision that authorizes the entry of an "order" against a defendant who requests a trial but then fails to appear (*see* Vehicle and Traffic Law §§ 226 [3]; 227 [4] [a]; 15 NYCRR 123.7 [d]), applies to only the TVB, an administrative tribunal, not to a TPVA, a criminal court.

The history of the Legislature's amendment of article 2–A reinforces this conclusion. The statute formerly provided that traffic violations occurring in either "a city having a population of two hundred thousand or more in which administrative tribunals have heretofore been established," or within the "portion of Suffolk county for which a district court has been established, . . . may be heard and determined pursuant to the regulations of the commissioner as provided in this article" (former Vehicle and Traffic Law § 225 [1]). This version of the statute reflected the fact that, at the time, there was a TVB in Suffolk County (*see* Mem of Division of Budget, Bill Jacket, L 2012, ch 388; Letter

from State of New York Department of Motor Vehicles, August 15, 2012, Bill Jacket, L 2012, ch 388). Later legislation created the TPVA, a criminal court that would serve as an arm of the Suffolk County District Court and replace the existing TVB (*see* General Municipal Law § 370 [3]; Suffolk County Charter § C37-1). In response to the creation of the TPVA in Suffolk County—the court at issue in the cases before us—the Legislature amended article 2–A by deleting the language pertaining to the district court in Suffolk County (*see* L 2012, ch 388, § 8), indicating that the article was not intended to apply to the Suffolk County TPVA (*see Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce*, 21 NY3d 55, 61 [2013] ["The Legislature, by enacting an amendment of a statute changing the language thereof, is deemed to have intended a material change in the law" (internal brackets and quotation marks omitted)]).

\* \* \*

In sum, we hold that that the TPVA did not have the statutory authority to render a default judgment against defendants. Accordingly, in each case, the order of the Appellate Term should be affirmed.

In each case:

Order affirmed. Opinion by Judge Garcia. Chief Judge DiFiore and Judges Rivera, Stein, Fahey and Wilson concur.

Decided May 27, 2021