Matter of Morley v Suffolk County Traffic & Parking Violations Agency (2023 NY Slip Op 03695)

Matter of Morley v Suffolk County Traffic & Parking Violations Agency

2023 NY Slip Op 03695

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-05569
 (Index No. 604022/21)

[*1]In the Matter of Amy Morley, et al., appellants,
v
Suffolk County Traffic and Parking Violations Agency, respondent.

Scott Lockwood, Deer Park, NY, for appellants.
Suffolk County Traffic and Parking Violations Agency, Hauppauge, NY (Justin W. Smiloff of counsel), respondent pro se.
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the Suffolk County Traffic and Parking Violations Agency to reinstate the driver license of the petitioner Amy Morley, which was suspended on December 3, 2020, and the driver license of the petitioner Katherine Alfaro, which was suspended on October 9, 2020, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Maureen T. Liccione, J.), dated June 30, 2021. The judgment denied the petition and dismissed the proceeding.

DECISION & ORDER
Motion by the respondent, inter alia, to dismiss the appeal on the ground that the appeal has been rendered academic. By decision and order on motion of this Court dated March 23, 2022, that branch of the motion which is to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal is granted; and it is further,
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
Since the Suffolk County Traffic and Parking Violations Agency has vacated the temporary suspensions of the petitioners' driver licenses, any determination by this Court with respect to this proceeding will not directly affect the rights of the parties (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; Matter of Pawelsky v Goggin, 175 AD3d 1413; Matter of Walters v Delligatti, 78 AD3d 853, 854). In addition, the matter does not warrant invoking the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714; Matter of Aguilera v Annucci, 167 AD3d 1000; see also Matter of Dolce v Nassau County Traffic & Parking Violations Agency, 7 NY3d 492; People v Karathanos, 77 Misc 3d 126[A], 2022 NY Slip Op 51105[U] [App Term, 2d Dept, 9th & 10th Jud Dists]). Accordingly, we dismiss the appeal as academic.
IANNACCI, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court