| |
|---|
| **Zappin v Attorney Grievance Comm. for the First Jud. Deprt.** |
| 2025 NY Slip Op 32798(U) |
| August 14, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154980/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>HON. LYLE E. FRANK</u>     **PART**      **11M**

*Justice*

-----------------------------------------------------------------------------X

ANTHONY ZAPPIN,

               Petitioner,

         - v -

ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST
JUDICIAL DEPARTMENT, JORGE DOPICO,

             Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154980/2024 |
| **MOTION DATE** | 12/05/2024, 12/09/2024, 12/11/2024, 03/21/2025 |
| **MOTION SEQ. NO.** | 003 004 005 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 49, 50, 51, 52, 53, 68

were read on this motion to/for         <u>        REINSTATE        </u> .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 55, 56, 57, 58, 59, 60, 61, 62, 70

were read on this motion to/for         <u>   REARGUMENT/RECONSIDERATION   </u> .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 63, 64, 65, 66, 67, 69, 71, 72, 73, 74

were read on this motion to/for         <u>        DISMISSAL        </u> .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 76, 77, 78, 79, 81 and 83

were read on this motion to/for         <u>        SANCTIONS        </u> .

       Upon the foregoing documents, motion sequence 005 is granted and motions seq. 003, 004, and 006 are denied.[1]

**<u>Background</u>**

---

[1] The day before oral argument on August 13, 2025, Petitioner submitted additional documents without leave of Court. While the Court initially indicated they would not be considered as untimely. However, to ensure a full record, the Court did consider these documents in rendering a decision.

**154980/2024 ZAPPIN, ANTHONY vs. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT ET AL**      **Page 1 of 8**
**Motion No. 003 004 005 006**

1 of 8

[* 1]

These motions arise out of a contentious and long-running records request dispute between Petitioner Anthony Zappin and the Attorney Grievance Committee for the First Department ("AGC", collectively with Jorge Dopico, "Respondents"). Petitioner has requested documents related to several matrimonial, criminal, and disciplinary proceedings involving him dating back to 2015. These requests were denied, with Respondents' position being that the AGC is part of the judiciary and therefore exempt from FOIL requests. Petitioner has instituted this (and other) hybrid special proceedings seeking the requested documents under FOIL or alternatively, a common law right of access. Respondents brought a cross-motion to dismiss the first two counts as time-barred and the third and fourth counts on the basis that a summons had not been served with notice of petition. In an order dated November 6, 2024, this Court granted the cross-motion as to the first two counts and denied as to the second.

**Discussion**

Motion seq. 003 was brought by Petitioner, who seeks a court order directing the Clerk of the Court to accept a summons he had filed and that was rejected. In motion seq. 004, Petitioner seeks to reargue that portion of the November 6 Order that dismissed the first two counts in his hybrid petition. Respondents move to dismiss the petition in its entirety for failure to state a claim in Motion seq. 005, and in Motion seq. 006 Petitioner seeks sanctions against Respondents for taking the position that they are not required to publicly disclose the records sought. For the reasons that follow, the motion to dismiss is granted, and the other motions are denied.

*Reargument is Denied for Multiple Reasons*

Petitioner is seeking to reargue the prior order dismissing the first two causes of action from the petition. They were dismissed on the grounds that the FOIL requests were duplicative and that this hybrid Article 78 proceeding challenging those denials was untimely. This motion,

154980/2024   ZAPPIN, ANTHONY vs. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST      Page 2 of 8
JUDICIAL DEPARTMENT ET AL
Motion No.  003 004 005 006

2 of 8

[* 2]

seq. 004, is denied for several reasons. First, Petitioner argues that Respondents must have raised the right to bring statute of limitations challenges in the FOIL record below in order to have counts dismissed on that basis in this action. This argument is unavailing. It is this to that final determination challenge (in the form of a hybrid Article 78 proceeding) that is time-barred, not the final determination itself. Respondents clearly did not waive the right to bring statute of limitations defenses in this proceeding.

Furthermore, Petitioner's arguments in favor of restoring the dismissed causes of action were or could have been raised in the original motion. For instance, the change in financial circumstances that Petitioner raises occurred well before bringing this proceeding. And finally, the claims that were dismissed sought records that are not discoverable under FOIL. The AGC is appointed by and part of the First Department, and therefore is part of the judiciary. FOIL specifically exempts judiciary records. POL § 86(3); *Matter of Herrick v. Town of Colonie*, 211 A.D.3d 1146, 1147 [3rd Dept. 2022]. Petitioner attempts to draw comparisons between the AGC and the Nassau County Traffic and Parking Agency ("TPVA"), arguing that the AGC was operating in a prosecutorial function and therefore subject to FOIL. This argument is unavailing. The Court of Appeals found that the TPVA was a "hybrid agency that exercise both prosecutorial and adjudicatory responsibilities", but this finding does not alter the analysis of whether or not the AGC and their investigations are part of the judiciary and thus exempt from FOIL requests. *Matter of Dolce v. Nassau County Traffic & Parking Violations Agency*, 7 N.Y.3d 492, 498 [2006]. Even if Petitioner's FOIL challenges were not time-barred, they would not state a valid claim to relief as they seek documents specifically exempted from FOIL.

*The Motion to Dismiss Is Granted*

**154980/2024   ZAPPIN, ANTHONY vs. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT ET AL**
**Motion No.  003 004 005 006**

**Page 3 of 8**

3 of 8

[* 3]

Petitioner is seeking certain material from the AGC and advances three arguments as to why he is entitled to that material: 1) that Respondents are required to disclose the material pursuant to FOIL; 2) that Petitioner has a common-law right to access to the material; and 3) that Judiciary Law § 90(10) requires that all material related to any AGC investigation of Petitioner must be disclosed. The two causes of action pled under FOIL have been dismissed and are addressed above in the section on reargument. Respondents have moved to dismiss the remainder of the petition on the grounds that there is no right to access the records requested and therefore the petition fails to state a claim.

The common-law right to access refers to a "common law right to inspect and copy public records and documents, including judicial records and documents." *Matter of Herrick v. Town of Colonie*, 211 A.D.3d 1146, 1147 [3rd Dept. 2022]. The word "public" is key here. In analyzing the First Amendment and common law right of access to judicial records, the Second Circuit held that "[a] judicial document or judicial record is a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 [2nd Cir. 2016]. CPLR R § 2102(a) states that "papers required to be filed shall be filed with the clerk of the court." It is not disputed that the specific internal AGC records sought by Petitioner were not filed with the First Department during his disbarment proceeding. Dispositively, the Court of Appeals has held that a "petitioner has no common-law right of access where records, such as these, have not been entered into evidence or filed in court and are, therefore, not public judicial records." *Newsday, Inc. v. Sise*, 71 N.Y.2d 146, 153 n. 4 [1987]. Petitioner does not have a common-law right to access to records that were not filed with the First Department, and therefore not made a public record.

**154980/2024   ZAPPIN, ANTHONY vs. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT ET AL**
**Motion No.  003 004 005 006**

**Page 4 of 8**

[* 4]

4 of 8

Petitioner also argues that Judiciary Law § 90(10) provides a right to access to the requested material. This provision states that "[a]ny statute or rule to the contrary notwithstanding, all papers, records and documents upon the […] any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and deemed private and confidential." It goes on to further state that "in the event that charges are sustained by the justices of the appellate division having jurisdiction in any complaint, investigation or proceeding relating to the conduct or discipline of any attorney, the records and documents in relation thereto shall be deemed public records." Petitioner argues that because charges were eventually sustained against him, any document held by the AGC in relation to any investigation against him must be deemed a public record.

The process of attorney discipline has three stages: an initial screening stage conducted by the Attorney Grievance Committee for that judicial department, then an investigation stage, and finally, after the Committee considers a report with recommendations from the attorneys investigating the matter, a formal disciplinary proceeding may be authorized by the Committee. *See generally C.R. Corps. v. LaSalle*, 741 F.Supp. 3d 112, 129 – 32 [N.Y.S.D. 2024]. If it is, then the matter proceeds to the relevant judicial department for disciplinary proceedings. *Id*. Until the judicial department becomes involved after a disciplinary proceeding is recommended, all papers and documents for the matter reside with the respective Committee. *Id*. In *C.R. Corps*, the Southern District noted that there is a wealth of case law regarding the importance of secrecy to maintaining the ability of investigators to do their job. *Id*., at 169. The court there ultimately distinguished between investigative stages (which were not public records under Judiciary Law 90(10)) and work by the Committee that was considered to be an adjudicative function (and thus subject to the disclosure conditions of 90(10)). *Id*.

**154980/2024   ZAPPIN, ANTHONY vs. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT ET AL**
**Motion No.  003 004 005 006**

**Page 5 of 8**

5 of 8

[* 5]

Respondents argue that the disclosure conditions of 90(10) apply only to the formal disciplinary proceeding conducted by the relevant appellate department, and not the documents generated by the Committee's investigations leading up to formal disciplinary proceedings that are not part of the record. They argue that section 90(10) was meant to allow the public to see what documents and records the appellate department relied upon in coming to the determination that charges should be sustained against an attorney, and not to provide access to the private investigation records of the AGC. Case law in determining the scope of section 90(10) is limited, and this precise issue does not seem to have been considered outside of the non-binding *C.R. Corps* case.

Given the interest weighing between the importance of secrecy for investigative work and the mandate of section 90(10), the Court agrees with Respondents. To the extent that the First Department relied on any documents or records during the official disciplinary proceeding for Petitioner, after charges were sustained, such records became public records under Judiciary Law § 90(10) and the public has a common-law right of access to them. To the extent that any records held by the AGC relate to their investigatory process prior to the official disciplinary proceeding and were not submitted to the First Department or relied upon in that proceeding, they are not public records and therefore there is no common-law right of access to them.

### *Sanctions Will Not Be Issued and the Court Will Not Order the Clerk of the Court to Accept the Previously Filed Summons*

In the remaining motions, Petitioner seeks to 1) have the Court issue an order demanding that the Clerk of the Court accept a summons that Petitioner filed but was rejected, and 2) have sanctions issued against Respondents. While both of these motions are in large part mooted by the granting of dismissal of the remaining causes of action in the petition, the Court will address

154980/2024   ZAPPIN, ANTHONY vs. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT ET AL          Page 6 of 8
Motion No.  003 004 005 006

6 of 8

[* 6]

the independent reasons why it is declining to grant these motions. Starting with the request that the Clerk of the Court be ordered to accept filing of a summons it has rejected, the Court is denying this request because Petitioner was told how to remedy the errors in his filing by the original email from the Clerk of the Court and he failed to do so. That Petitioner believes that the recommended course of action (filing an Amended Petition) would not have "remedied the issue", and therefore he was not obligated to take the remedial steps outlined by the Clerk, does not give this Court a basis to issue the requested order.

Turning to the issue of sanctions, a court is authorized, in its discretion, to issue sanctions as a result of frivolous conduct. 22 NYCRR § 103-1.1. Petitioner accuses Respondents of a variety of ill-deeds. He alleges that Respondents have "taken the legally indefensible and wholly unsupported position" that the requested records are not subject to public disclosure. As the Court agrees with the Respondents, it does not find such a position frivolous. Petitioner's argument that Respondents have mischaracterized the case law is largely a result of differing interpretations, and not an outright mischaracterization.[2] That the Petitioner and the Respondents do not interpret the relevant body of case law the same does not create grounds for sanctions, and the Court declines to exercise its discretion in this matter. The Court has considered the Petitioner's other arguments and found them unavailing. Accordingly, it is hereby

ADJUDGED that motion sequence 005 is granted; and it is further

ORDERED that the petition is dismissed; and it is further

ADJUDGED that motions 003, 004, and 006 are denied.

---

[2] The Court notes that Petitioner included a block quotation in the petition (paragraph 23, page 8) that does not appear in the case cited. In fact, it appears to be Petitioner's own argument recast in the form of a block quotation alleged to be from a Second Department case. Here too, the Court declines to issue sanctions.

**154980/2024   ZAPPIN, ANTHONY vs. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT ET AL**
**Motion No.  003 004 005 006**

**Page 7 of 8**

7 of 8

20250815104020LFRANK7DCDD7AE121B4815A1391AE46CE33A7C

**LYLE E. FRANK, J.S.C.**

**8/14/2025**
**DATE**

| CHECK ONE: | | **X** | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | ☐ | GRANTED | ☐ | DENIED | **X** GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | | ☐ | SETTLE ORDER | | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | ☐ | INCLUDES TRANSFER/REASSIGN | | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

**154980/2024   ZAPPIN, ANTHONY vs. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST         Page 8 of 8
JUDICIAL DEPARTMENT ET AL
Motion No.  003 004 005 006**

[* 8]